# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 15, 2010

No. 09-50198
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANABEL GONZALES RUIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-125-1

Before JONES, Chief Judge, and DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Anabel Gonzales Ruiz, now federal prisoner # 85657-008, has appealed her conviction of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and/or 500 grams or more of a mixture containing methamphetamine and her statutory minimum 120-month term of imprisonment. Ruiz contends that the district court erred in accepting her guilty plea because she did not understand the consequences of entering into her plea agreement due to ineffective assistance of counsel, and that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in sentencing her to the statutory minimum sentence due to ineffective assistance of counsel.    The record is insufficiently developed to allow consideration at this time of Ruiz's claims of ineffective assistance of counsel. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

Ruiz's plea agreement provides:

> The Defendant waives the right to appeal any aspect of the conviction and sentence, and waives the right to seek collateral relief in post conviction proceedings, including proceedings under 28 U.S.C. § 2255.  This waiver does not apply to ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension of which the Defendant did not have knowledge at the time of sentencing.

We decline to consider at this juncture whether the appeal waiver is enforceable and whether the waiver precludes consideration of Ruiz's ineffective assistance claims because those claims were known to Ruiz at the time of sentencing.  The judgment is

AFFIRMED.